IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01043-CMA-KLM

PAUL ROMERO,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS, DISTRICT NO. 1, a Colorado school District,
DEBRA RODRIGUEZ, in her individual and official capacities;
SCOTT BARNES, in his individual and official capacities;
BRITTANY DEW, an individual; and
FRED MARTINEZ, an individual.

    Defendants.

## AMENDED STIPULATED PROTECTIVE ORDER

The parties to this action, their counsel, and any other person who agrees in writing to become bound by the terms of this protective order (the "Order"), are bound by this Order.

~~Having shown good cause in support of the entry of this Order to protect against the dissemination of the confidential information set forth herein, and recognizing the parties to this case have stipulated hereto~~, IT IS ORDERED: *(KLM)*

    1.    This Stipulated Protective Order shall apply to all income tax return documents and medical documents of any party to this action, as well as all of the documents and other information set forth in paragraph 3 hereof.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be any information that is designated as sensitive by the disclosing party including, but not limited to, printed documents, computer disks or other electronic media, information contained in documents or electronic media, information revealed during depositions, and information revealed in interrogatory answers. Prior to designation, counsel will review the information and the designation as confidential will be based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). In general, "CONFIDENTIAL INFORMATION" includes and may be claimed with respect to information which is confidential or proprietary in nature, such as, but not limited to, trade secrets, research and development, customer lists or other commercial information that has been kept confidential by the producing party, and internal employee benefit, corporate EEO and security investigation files, as well as any information that implicates a common law or statutory privacy interest such as personal identifying information, medical and financial information, or any other information that is otherwise entitled to protection under Fed. R. Civ. P. 26(c).

4. This CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except for the prosecution and defense of this case.

5. The CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a) attorneys actively working on this case;

    b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at trial, or at other proceedings in this case;

    c)     the parties, including the Defendants' designated representatives for the entity Defendants;

    d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e)     the Court (and any appellate court), including court personnel, jurors and alternate jurors:

    f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g)     deponents, witnesses, or potential witnesses; and

    h)     other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, including jurors and alternate jurors, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

8. Whenever a deposition involves the disclosure of said CONFIDENTIAL information, the deposition or portions thereof shall, at the election of counsel, be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective

Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it as CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy

CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming destruction.

11.   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED this 9th day of February, 2010.

~~DISTRICT COURT~~ JUDGE
U.S. Magistrate

Stipulated and agreed to:

| s/ Nathan Davidovich | s/Holly Ortiz |
|---|---|
| Nathan Davidovich | Holly Ortiz |
| Davidovich Law Firm, LLC | Stephen G. Everall |
| 219 S. Holly Street | Semple, Farrington & Everall, P.C. |
| Denver, Colorado 80246 | 1120 Lincoln Street, Suite 1308 |
| Telephone: (303) 825-5529 | Denver, CO 80203 |
| Facsimile: (303) 265-9797 | Telephone: (303) 595-0941 |
| nathandavidovich@talk-law.com | Facsimile: (303) 861-9608 |
| | hortiz@smmpc.com |
| | severall@smmpc.com |
| ATTORNEY FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |

C:\My Dropbox\Romero, Paul\Pleadings\Stip Protective order from HO AMD 020210.wpd