IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-01043-CMA-KLM

PAUL ROMERO,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS, DISTRICT NO. 1, a Colorado School District,
DEBRA RODRIGUEZ, in her individual and official capacities,
SCOTT BARNES, in his individual and official capacities,
BRITTANY DEW, an individual, and
FRED MARTINEZ, an individual,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

Plaintiff is a former public school employee. His employment was terminated in the spring of 2008 and is now suing the school district for which he worked and four former colleagues over the circumstances surrounding his termination. He alleges due process violations, negligence, libel, slander, breach of contract, and promissory estoppel. (*See* Doc. # 1-3.)

The matter is before the Court on the "Motion to Dismiss Plaintiff's Second, Eighth, Ninth, and Tenth Claims for Relief" filed by Denver Public Schools, District No. 1 ("the District"), Scott Barnes, and Debra Rodriguez (Doc. # 4). Jurisdiction is proper

under 28 U.S.C. §§ 1331, 1343, 1367,[1] and 42 U.S.C. § 1983.  For the following reasons, the Court GRANTS Defendants' Motion to Dismiss.

## I.  BACKGROUND

The following allegations are taken from Plaintiff's Complaint.  Plaintiff worked for the District from 1986 until his termination in 2008.  (Doc. # 1-3, ¶ 4.)  Prior to his termination, Plaintiff was working at Force Elementary School as a Facility Manager II.  (*Id.*)  In that position, he supervised Defendant Brittany Dew, a part-time employee, and Defendant Fred Martinez, who was Ms. Dew's daily supervisor.  (*Id.,* ¶¶ 8-10.)  Throughout this period, Defendant Debra Rodriguez was Plaintiff's supervisor, and Defendant Scott Barnes was an executive director for the District.  (*Id.,* ¶¶ 6-7.)

Between January 11 and March 19, 2008, Plaintiff criticized Ms. Dew's work and Mr. Martinez's failure to punch in and out on time for work.  (*Id.,* ¶¶ 10-11.)  In early April 2008, Ms. Dew made a written complaint about Plaintiff to Plaintiff's supervisor, Ms. Rodriguez.  Ms. Dew alleged that Plaintiff was engaging in sexual harassment and other misconduct.  (*Id.,* ¶ 12.)  Soon after receipt of this complaint, Ms. Rodriguez interviewed Ms. Dew about Ms. Dew's allegations and memorialized the interview in writing.  (*Id.,* ¶ 13.)  Ms. Rodriguez next interviewed Mr. Martinez, with the assistance

---

[1] Defendants' Notice of Removal does not identify a statutory basis for the Court's jurisdiction over Plaintiff's state-law claims.  Defendants acknowledge the federal claim under 42 U.S.C. § 1983, cite the provision for federal question jurisdiction (28 U.S.C. § 1331), but ignore the issue of the Court's jurisdiction over Plaintiff's state-law claims.  Nevertheless, because Plaintiff has not raised the issue and because the Court finds that the state claims and federal claim derive from a common nucleus of operative fact, the Court exercises supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

of another District employee. She memorialized that interview in writing as well. (*Id.,* ¶ 14.)

Based on the allegations of Ms. Dew and Mr. Martinez, the District initiated an investigation into Plaintiff's alleged conduct and placed Plaintiff on administrative leave. (*Id.,* ¶¶ 15-16.) On April 15, 2008, the investigator presented the findings of his investigation to the District. On April 16, 2008, Ms. Rodriguez additionally reported a conversation she had with Elementary Principal Anita Myers about conflicts between Ms. Dew and Ms. Myers, and between Ms. Dew and a teacher at the school. (*Id.,* ¶ 19.)

On or around April 22, 2008, Ms. Rodriguez sent Plaintiff a letter notifying him that she intended to recommend that his employment with the District be terminated. (*Id.,* ¶ 20.) Plaintiff requested a pre-termination hearing according to the District's Policy GDQD-R ("the Policy"), which outlines the procedures required for terminating full-time, classified employees such as Plaintiff. (*Id.*) Soon after, Ms. Rodriguez reported to the District's Office of Legal Services another conversation with Mr. Martinez containing additional allegations against the Plaintiff. (*Id.,* ¶ 21.)

Plaintiff's pre-termination hearing took place on April 29, and on May 5, 2008, Plaintiff was notified that Mr. Barnes had upheld the District's recommendation that Plaintiff's employment be terminated. (*Id.,* ¶¶ 22-23.) Plaintiff then requested an independent arbitration hearing before a neutral hearing officer. He received that hearing and the hearing officer upheld Plaintiff's termination. (*See id.,* ¶ 24.)

On April 3, 2009, Plaintiff filed suit in state court alleging ten claims: (1) denial of due process under 42 U.S.C. § 1983 against the District, Ms. Rodriguez, and Mr. Barnes; (2) willful and wanton negligence against all Defendants; (3) libel *per se*

against Ms. Dew; (4) slander *per se* against Ms. Dew; (5-7) three claims of slander *per se* against Mr. Martinez; (8) libel *per se* against the District and Ms. Rodriguez; (9) breach of contract against the District, Ms. Rodriguez, and Mr. Barnes; and (10) promissory estoppel against the District, Ms. Rodriguez, and Mr. Barnes. (*Id.,* ¶¶ 25-79.)

Defendants filed the at-issue motion to dismiss in state court on April 27, 2009, and then removed the case to this Court on May 5, 2009. (*See* Doc. ## 1, 1-9.)[2] The grounds on which Defendants move to dismiss Plaintiff's Second, Eighth, Ninth, and Tenth claims are as follows: (1) Plaintiff's negligence suit is barred by the Colorado Governmental Immunity Act (CGIA); (2) Plaintiff's libel claim against the District and Ms. Rodriguez is also barred by the CGIA; (3) and Plaintiff's breach of contract and promissory estoppel claims against Mr. Barnes and Ms. Rodriguez fail to state a claims on which relief can be granted because Mr. Barnes and Ms. Rodriguez were not parties to any employment contract or quasi-contract between Plaintiff and the District. (Doc. # 4 at 2-6.)

---

[2] Attachments filed with the Notice of Removal show that all Defendants are now represented by the same counsel. The motion to dismiss was filed on behalf of only three Defendants: the District, Ms. Rodriguez, and Mr. Barnes. (Doc. # 1-9.) The answer, filed the same day as the motion, listed a fourth Defendant, Ms. Dew. (Doc. # 1-8.) And on May 5, 2009, counsel entered her appearance on behalf of the remaining Defendant, Mr. Martinez. (Doc. # 1-7.)

## II. STANDARD OF REVIEW

Although Defendants do not cite a federal rule under which they move to dismiss, the Court infers from their motion that they are moving under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[3]

Their claim of immunity under the CGIA concerns the Court's subject-matter jurisdiction. *See E.F. W. v. St. Stephen's Indian High School*, 264 F.3d 1297, 1302-03 (10th Cir. 2001). Accordingly, Rule 12(b)(1) is implicated, the purpose of which is to test whether the Court has subject-matter jurisdiction to properly hear the case before it. Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of New York State v. County of Oneida, New York*, 414 U.S. 661, 666 (1974)). A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint supported by affidavits and other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 1003.

---

[3] Defendants filed this motion in state court and in support cited Colorado Rule of Civil Procedure 12(b)(1). This is federal court, however, not state court. Because federal rules of procedure govern, the Court disregards Defendants' citation to Colorado Rule of Civil Procedure 12(b)(1).

5

In addition, the Court infers that Defendants are moving under Rule 12(b)(6) to attack the breach of contract and promissory estoppel claims. The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State School for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

### III. ANALYSIS

**A.    PLAINTIFF'S TORT CLAIMS AGAINST THE DISTRICT**[4]

Plaintiff concedes that the CGIA bars his negligence and libel *per se* claims against the District and that these claims should be dismissed. (Doc. # 9 at 1, 4.) The CGIA grants public entities immunity from suit for all claims brought in tort or that could

---

[4] An issue of fact remains as to whether Plaintiff complied with the notice requirements of the CGIA. The CGIA requires plaintiffs wishing to bring suit against a public entity or against public employees to file notice of their claims with the public entity or employer within 180 days of discovering their injury. C.R.S.A. §§ 24-10-109, 24-10-118(a). Unless the plaintiff files within this period, the public entity possesses governmental immunity and the trial court lacks subject matter jurisdiction. *City and County of Denver v. Crandall*, 161 P.3d 627, 632 (Colo. 2007). There is no evidence in the pleadings that Plaintiff filed any notice of his suit, let alone within the 180-day period. However, because this Court grants the Defendants' Motion to Dismiss on other grounds, it is not necessary to resolve the notice issue.

lie in tort, with the exception of claims involving one of seven limited areas in which the state has waived sovereign immunity. C.R.S. § 24-10-106. The exceptions all involve physical hazards under the control of public entities, or the failure of a public entity to run a background check on an applicant for education employment, and do not apply to the present case. *See id.* A school district is a public entity under the meaning of the CGIA. C.R.S. § 24-10-103(5). Because the District is immune from suit under the CGIA, this Court lacks subject matter jurisdiction over Plaintiff's negligence and libel *per se* claims against the District. Accordingly, these claims will be dismissed.

B.    **PLAINTIFF'S TORT CLAIMS AGAINST MR. BARNES AND MS. RODRIGUEZ**

The CGIA also grants tort liability immunity to public employees for any act or omission undertaken in the scope of their employment, unless that act was performed willfully or wantonly. C.R.S. § 24-10-118(2)(a). Whether a plaintiff has pled sufficient facts to allege willful and wanton conduct is a matter to be determined by the Court. *Castaldo v. Stone*, 192 F. Supp. 2d 1124, 1139 (D. Colo. 2001). Although the CGIA does not define "willful and wanton," Colorado case law has held that for purposes of the CGIA, a person engages in "willful and wanton" conduct when that person "purposefully pursue[s] a course of action or inaction that he or she consider[s] would probably result in harm" to the plaintiff. *Id.* at 1141. The actor must "specifically contemplate[ ] that his or her actions may cause harm to another," yet nonetheless "proceed[ ] to act heedless of that risk of harm." *Carani v. Meisner*, Civil Action No. 08-cv-02626-MSK-CBS, 2009 WL 2762719, at *2 (D. Colo. Aug. 26, 2009). Moreover, the CGIA also requires plaintiffs who allege willful and wanton behavior against a public employee to plead "the specific factual basis of such allegations" in their complaint, or to

7

suffer dismissal of their claim for failure to state a claim upon which relief can be granted. C.R.S. § 24-10-110(5)(a)-(b); *Zerr v. Johnson*, 894 F. Supp. 372, 376 (D. Colo. 1995).

      1.    <u>Plaintiff's Negligence Claim Against Mr. Barnes and Ms. Rodriguez</u>

Plaintiff's negligence claim against Mr. Barnes and Ms. Rodriguez is barred by the CGIA because Plaintiff fails to plead willful and wanton conduct. In particular, Plaintiff fails to allege specific facts that would suggest that Mr. Barnes or Ms. Rodriguez "purposefully" acted in a way which that "would probably result in harm" to the Plaintiff, beyond the inevitable distress associated with losing one's job. *See Carani v. Meisner*, No. 08-cv-02626-MSK-CBS, 2009 WL 2762719, at *2 (D. Colo. Aug. 26, 2009).

The Complaint alleges that in response to Ms. Dew's complaint, Ms. Rodriguez conducted interviews with Ms. Dew, Mr. Martinez, and Ms. Myers, recorded what she was told, and concluded from those interviews that Plaintiff's employment should be terminated. (Doc. # 1-3, ¶¶ 13, 14, 19-21.) Additionally, Plaintiff alleges that Mr. Barnes upheld the District's recommendation that Plaintiff's employment be terminated (Doc. # 1-3, ¶ 24). In so doing, Mr. Barnes and Ms. Rodriguez acted in accordance with their responsibilities as employees of the District, rather than in disregard of possible harm to Plaintiff. The mere fact that, as part of their employment duties, Ms. Rodriguez recommended Plaintiff's termination and Mr. Barnes upheld the recommendation cannot be held to allege willful and wanton conduct. *See Barham v. Scalia*, 928 P.2d 1381, 1385-86 (Colo. App. 1996) (a claim based on outrageous conduct necessarily involves issues concerning willful and wanton conduct and firing an

8

employee, by itself, unless handled in a manner intended to cause the employee emotional distress, is insufficient to support a claim based on outrageous conduct).

Plaintiff claims that Mr. Barnes and Ms. Rodriguez "failed to permit [Plaintiff] from being heard in a meaningful manner, thus rendering the hearing unfair" (Doc. # 1-3, ¶ 28). He argues that Mr. Barnes and Ms. Rodriguez failed to accurately assess the credibility of the witnesses against him. In particular, he contends that they should not have believed Ms. Dew and Mr. Martinez because (1) Plaintiff had issued written criticisms of their work; (2) only Ms. Dew and Mr. Martinez testified to Plaintiff's alleged misconduct; and (3) Ms. Dew had spoken inappropriately before third-grade students and had an argument with a teacher. (Doc. # 1-3, ¶¶ 10-11, 18, 19). In the absence of specific facts demonstrating that Ms. Rodriguez and Mr. Barnes purposely acted in disregard of probable harm to Plaintiff, however, their disagreement with his assessment of Ms. Dew's and Mr. Martinez's credibility does not rise to the level of willful and wanton behavior.

Because Plaintiff's Complaint fails to allege a sufficient factual basis for his claim that Mr. Barnes and Ms. Rodriguez's behavior was willful and wanton, it fails to meet the standard necessary to waive immunity under the CGIA. Therefore, Plaintiff's negligence claim against Mr. Barnes and Ms. Rodriguez will be dismissed.

    2.    <u>Plaintiff's Libel Per Se Claim Against Ms. Rodriguez</u>

The CGIA's requirement that a plaintiff plead specific facts to establish a public employee's willful and wanton behavior also applies to Plaintiff's claim of libel *per se* against Ms. Rodriguez. To establish the Court's jurisdiction over this claim, Plaintiff must "set forth specific facts to support a reasonable inference that [Rodriguez]

9

recklessly disregarded the consequences" of her statements.  *Wilson v. Meyer,* 126 P.3d 276, 282 (Colo. App. 2005).  Plaintiff has failed to do so.

Plaintiff alleges that by sending the record of an interview about Plaintiff's conduct to the District's Office of Legal Services, Ms. Rodriguez published a statement defaming Plaintiff.  (Doc. # 1-3, ¶¶ 21, 60.)  The Complaint does not allege facts sufficient to demonstrate that Mr. Rodriguez knew the statement was false or acted with willful disregard of the possibility that the statement was false.  In fact, the Complaint fails to allege the "falsity" element of a libel claim.[5]  (Doc. # 1-3, ¶ 63.)  Plaintiff acknowledges this failing in his Response to the Motion to Dismiss, in which he asks leave to amend his complaint to allege that Ms. Rodriguez published the statement with willful and reckless disregard as to whether it was false.  (Doc. # 9 at 4.)  Such a request is improper under the Court's Local Rules.  *See* D.C.Colo.LCivR 7.1(C) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper.")  Accordingly, the Court disregards it.

Moreover, even if the Court were to allow an amendment, Plaintiff's libel claim against Ms. Rodriguez would still cut against the public policy served by the CGIA.  The CGIA was enacted in part to protect public employees from unlimited liability for carrying out the requirements of their jobs, "so that such public employees are not discouraged from providing the services or functions required by the citizens or from exercising the powers authorized or required by law."  C.R.S. § 24-10-102.  To hold Mr. Barnes and Ms. Rodriguez liable because Plaintiff disagrees with their assessment

---

[5]  Plaintiff appears to have substituted Mr. Martinez's name for Ms. Rodriguez's in this portion of the Complaint.

of Ms. Dew's and Mr. Martinez's credibility would subject public employees to suit for decisions they must make frequently in the performance of their duties, running counter to the purposes of the CGIA. Accordingly, Plaintiff's libel *per se* claim against Ms. Rodriguez will be dismissed.

C. **PLAINTIFF'S CLAIMS OF BREACH OF CONTRACT AND PROMISSORY ESTOPPEL AGAINST MS. RODRIGUEZ AND MR. BARNES**

In his Ninth claim for relief, Plaintiff alleges breach of contract against Ms. Rodriguez, Mr. Barnes, and the District. The at-issue contract is District Policy GDQD-R (the "Policy"), which sets forth the procedures the District must follow when terminating full-time, classified employees like Plaintiff. But, as the name implies, the Policy is a District policy, not a policy promulgated by Mr. Barnes or Ms. Rodriguez.

Plaintiff argues that, because the Policy constituted an express or implied employment contract between himself and the District and, because Mr. Barnes and Ms. Rodriguez were bound to follow the Policy's procedures, Mr. Barnes and Ms. Rodriguez were parties to the employment contract. Consequently, he asserts that Mr. Barnes and Ms. Rodriguez breached that contract when they engaged in the actions and omissions outlined in the complaint.[6] (Doc. # 1-3, ¶ 68.)

This is a creative theory. But it fails. A contract requires mutual assent or a "meeting of the minds." *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 888 (Colo. 1986). There are no allegations that Mr. Barnes or Ms. Rodriguez assented

---

[6] Plaintiff's Ninth claim, directed at the District, Mr. Barnes, and Ms. Rodriguez, alleges that Mr. Barnes was a party to the contract. (Doc. # 1-3 at 11, ¶ 68). The Complaint, however, fails to allege that Mr. Barnes breached the contract (*Id.*, ¶ 72 ("*DPS and Rodriguez* breached the employment contract) (emphasis added).) In any event, the reasons for dismissing the claim against Ms. Rodriguez apply equally to Mr. Barnes.

11

to bind themselves to Plaintiff. Indeed, for them to follow the terms of the Policy was a requirement of their employment, as all employees are required to follow their employers' policies. Nor are there allegations of any intent to create a contractual relationship between District employees and Plaintiff. In sum, Plaintiff's allegations fail to state plausible claims of breach of contract against Mr. Barnes and Ms. Rodriguez.

Plaintiff also has an alternative theory, contingent on the Court's findings. He argues that if "the Court finds that Rodriguez and Barnes did not bind themselves to the terms of Policy GDQD–R, and that the claim against Rodriguez and Barnes is more properly framed as one for interference with contractual relations, [Plaintiff] requests that he be permitted to amend his Complaint accordingly." (Doc. # 9 at 6.) It is not the Court's role to determine how a particular claim should be "properly framed."[7] Nor may a litigant make a motion in response to another motion. D.C.Colo.LCivR 7.1(C). Accordingly, the Court disregards Plaintiff's request to amend his Complaint.

The Court need not discuss in detail Plaintiff's Tenth claim alleging promissory estoppel. As against Mr. Barnes and Ms. Rodriguez, it fails for the same reasons as Plaintiff's breach of contract claim–lack of well-pled facts and a plausible claim. Accordingly, Plaintiff's promissory estoppel claims against Mr. Barnes and Ms. Rodriguez also will be dismissed.

---

[7] If the Court cannot act as advocate for a *pro se* litigant, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), it certainly cannot act as an advocate for a litigant represented by counsel.

## IV. CONCLUSION

For the foregoing reasons,

The Court GRANTS Defendants "Motion to Dismiss Plaintiff's Second, Eighth, Ninth, and Tenth Claims for Relief" (Doc. # 4). Accordingly,

- Plaintiff's Second claim for relief – alleging willful and wanton negligence against all Defendants – is <u>DISMISSED AS TO Defendants Barnes, Rodriguez, and the District</u>. It survives as to Defendants Dew and Martinez.

- Plaintiff's Eighth claim for relief – alleging libel *per se* against Defendants Rodriguez and the District – is DISMISSED IN ITS ENTIRETY.

- Plaintiff's Ninth and Tenth claims for relief – alleging breach of contract and promissory estoppel against Defendants Rodriguez, Barnes, and the District – are <u>DISMISSED AS TO Defendants Barnes and Rodriguez</u>. Both claims survive as to the District.

DATED: March  18 , 2010

BY THE COURT:

*/s/ Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge